1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MARTIN J. WALSH,
Secretary of Labor,
United States Department of Labor,

                                        Plaintiff,

         v.

OMG FREIGHT FORWARDERS, LLC,
OMG GLOBAL LOGISTICS, and OSCAR
MAYER, individually and as managing
agent of the entity defendants,

                                        Defendants.

Case No. 3:22-cv-294-L-KSC

**CONSENT JUDGMENT**

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, OMG Freight Forwarders, LLC and OMG Global Logistics (collectively, "OMG"), and Oscar Mayer (collectively, the "Parties"), have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A.    The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 6, 7, 11(c), 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(1), 215(a)(2) and

15(a)(5).

B.     Defendants have retained defense counsel and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C.     Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.

D.     The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of February 15, 2018, through February 14, 2021. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendants through this Consent Judgment.

E.     The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.  Further, nothing in this Consent Judgment requires Defendants to take any action contrary to Mexican laws in Mexico.

F.     For purposes of this Consent Judgment only, Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action and that venue lies in the Southern District of California.

G.     Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction will be provided with notice of the provisions of this Consent Judgment within 30 days of entry. Defendants represent that they and all individuals and entities acting on their behalf or at their direction and any individual, entity, or corporation with ownership or managerial authority over Defendants have notice of, and understand, the provisions of this Consent Judgment.

H.     Defendants admit that the employees, identified on **Exhibit A**, which the parties have agreed to file under seal, [1] handle and transport goods at their

---

[1] The Parties agree that Defendants may file redacted copies of Exhibit A if an employee contests whether they are due back wages covered by this Consent

warehouse located at 9255 Customhouse Plaza Suite I, San Diego CA 92154. These goods have been moved in commerce and are offered for transportation and shipment

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with it, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.     Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA § 3(s), wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.     Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less

Judgment.  The redacted Exhibit A must redact all employee names and payment information except for the employee contesting the back wages owed.

than one and one-half times the regular rate at which he or she is employed.

3.     Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendants or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

4.     Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

5.     Defendants, jointly and severally, shall not continue to withhold the payment of $233,141.30 in minimum wage pay hereby found to be due by the Defendants under the FLSA to employees identified in **Exhibit A** during the period of June 2, 2019, through June 6, 2021 ("Back Wage Accrual Period").

6.     Defendants, jointly and severally, shall not continue to withhold the payment of $588,932.50 in overtime pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the Back Wage Accrual Period.

7.     Defendants, jointly and severally, will further pay the Department of Labor an additional sum of $10,927.50 in civil monetary penalties.

8.     The total amount Defendants owe in unpaid minimum wages, unpaid overtime, and civil money penalties under this Consent Judgement is $833,001.30.

9.     Defendant will pay an initial $120,000.00 within 30 days of the Court signing the Consent Judgment and must then pay the remaining $713,001.30 plus

1% annual interest under this Consent Judgment to the Department of Labor Wage and Hour Division as described in **Exhibit B**.  Defendants may pay without penalty all or a portion of the amount owed earlier than it is due. Any early payments will reduce the principal balance remaining, and consequently may reduce the interest owed as interest will be assessed on the total outstanding principle.  All payments will be credited to back wages owed under this Consent Judgment until the back wages have been paid in full, the last payment, $10,927.50 will be credited to the civil monetary penalties owed under this Consent Judgment.

10.   Defendants may make the payments required by this Consent Judgment (back wages plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference BW Case Number # 1916849, Local File # 202-315-07925.

11.   Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the checks, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

12.   The Secretary shall allocate and distribute the funds described in paragraphs 5 and 6, totaling $822,073.80 and representing the back wages due under this judgment ("Back wages"), less deductions made by the Secretary for: (a) the employees' share of Social Security and Medicare taxes; and (b) withholding of federal income taxes, based on the amount of Back wages paid to the persons named in the attached Exhibit A.  The Secretary will remit the employee's portion of Social Security and Medicare taxes and withheld income taxes to the appropriate governmental authorities.  The Secretary will follow internal procedures to document payments to employees receiving Back wages and

forwarding the withheld taxes, including issuing and filing the appropriate tax forms, including Forms 941-X, Adjusted Employer's Quarterly Federal Tax Return, and Forms W-2, Wage and Tax Statement.  A copy of Forms 941-X will be provided by the Secretary to OMG in a reasonably timely fashion; this form will include an attachment reflecting for each employee gross wages, federal taxes withheld, social security withheld, and Medicare taxes withheld.  Any money not distributed within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, will be then deposited by the Secretary in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

13.    In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business addresses of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants' counsel of record.

14.    Defendants shall execute one deed of trust to secure the payments described in **Exhibit B**. The deed of trust shall be recorded against the real property commonly known as 2012 Plaza Acapulco, Chula Vista, CA 91914, and is attached hereto as **Exhibit D**. Defendants have provided proof of an encumbrance by PNC Bank of approximately $149,011.07 as of January 25, 2022, 2021 and have represented that this is the only encumbrance on this property and that this constitutes sufficient equity to satisfy the Judgment of $833,001.30 against Defendants. The Secretary shall record the deed of trust attached as **Exhibit D** once the Court signs this Consent Judgment. Defendants agree not to further encumber the property until the deed of trust is recorded. If Defendants default on their payment obligations, they shall be given 30 days' written notice to cure the

default (served electronically to Defendants' counsel of record). If Defendants fail to cure their default, Defendants will cooperate with and provide assistance to the Secretary in executing on the deed of trust. Within 60 days of Defendants notifying that the Consent Judgment has been satisfied in full, including any interest or penalties for paying the amount due late, the Secretary will provide Defendants with a deed of reconveyance (or any other instrument legally required) and provide any necessary cooperation to effectuate the cancellation and removal of the deed or other encumbrance associated with this Consent Decree. Defendants will then file the deed of reconveyance (or any other instrument legally required) provided by the Secretary to terminate the Secretary's deed of trust.

15.     Defendants will cooperate with and provide assistance, including providing employee identifying and contact information in its possession, to the Department of Labor to facilitate with the distribution of the wages and locating of employees. To that end, within 15 days of entry of this Consent Judgment, Defendants shall deliver a schedule containing the full name of each employee listed on the attached **Exhibit A**, the employee's current address or last known address, home phone number, cell phone number, and other known contact information of the employee.

16.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from the individuals listed on **Exhibit A**. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

17.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way

retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

18.     Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this judgment, shall amend and maintain their payroll practices as follows:

    a.     Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) the rate(s) of pay for each of the hours worked during a workweek; (2) the start, stop, and total hours employees work each workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours.

    b.     Defendants shall record all wages paid to employees, regardless of the manner of payment, including but not limited to the currency in which the payment was made, on its payroll records. When Defendants record the manner of payment, Defendants will specify the currency in which the payment was made.

    c.     Defendants shall maintain a physical and/or electronic copy of all payroll records and time records for all employees for all work performed in the United States.

    d.     Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

e.      Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

19.     Within 30 days of the entry of this Judgment, Defendants shall supply all of their employees with copies of the attached **Exhibit C**, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA, in English and Spanish. In addition, Defendants shall provide copies of **Exhibit C** to all new hires, and post a copy at their location(s) in an area that is frequented by employees and where it is visible. This provision shall be in effect for a period of three (3) years from the date entry of this Judgment by the Court.

20.     On at least an annual basis, Defendants shall hire an independent third-party to conduct supervisor training as to the requirements of the FLSA.  The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly. All supervisors and employees who determine Defendants' employees' pay or schedules or who prepare payroll for workers who perform work in the United States shall attend this training. Defendants shall maintain documentation of these trainings for a period of four years and shall provide it to representatives of the Secretary of Labor upon request. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

21.     Within 45 days of the date that Defendants sign this Consent Judgment, Defendants shall hire an independent third-party to conduct non-supervisory employee training as to the requirements of the FLSA in their native language for all other workers who perform work in the United States and did not

attend the supervisory training. The training shall be compensable time for which employees shall receive pay and shall not exceed one hour. The independent third-party conducting the training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA, and the FLSA's requirements regarding the definition of "employees". This training shall be repeated two additional times, one to occur no earlier than twelve (12) months after the initial training and no later than twenty-four (24) months after the initial training, and another to occur no earlier than twelve (12) months after the second training and no later than twenty-four (24) months after the second training.

22.     Defendants will allow the Department of Labor's Wage and Hour Division to inspect any payroll records and video surveillance upon request that are located in the United States. However, the Department of Labor's Wage and Hour Division agrees and understands that video surveillance is only maintained for a limited time period.

23.     Defendants will provide the Department of Labor's Wage and Hour Division with time to speak to Defendants' employees to confirm that Defendants are complying with the FLSA and with this Consent Judgment and to answer any questions Defendants' employees may have about their rights under the FLSA. This time shall be compensable time for which employees shall receive pay.

24.     Defendants agree to provide one representative to participate in one (1) public event each year promoting compliance with the FLSA at Wage and Hour Division's request per year over the next two (2) years, for a total of two (2) public events.  Defendants will collectively only provide one representative per event and may provide a different representative for each event. The representative will be knowledgeable about the pay and recordkeeping practice changes that Defendants made to comply with the FLSA and with this Consent Judgment. Each public event will last no more than 4 hours. All public events will either require Parties' representative to attend virtually or to travel within San Diego or Imperial County.

**FURTHER,**

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A nor as to any employee named on the attached Exhibit A for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

**IT IS SO ORDERED**.

Dated:  April 5, 2022

Hon. M. James Lorenz
United States District Judge

For the Plaintiff:

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Wage and Hour Counsel

3/4/2022

ADRIANA E. AHUMADA
Trial Attorney

For Defendants:

The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

For OMG Freight Forwarders, LLC and OMG Global Logistics & In His Personal Capacity:

_____

OSCAR MAYER
Owner of OMG Freight Forwarders, LLC and OMG Global Logistics

Approved as to Form:

_____

JULIE VOGELZANG
Attorney for Defendants OMG Freight Forwarders, LLC and OMG Global Logistics and Oscar Mayer

**EXHIBIT A (FILED UNDER SEAL)**

**EXHIBIT B**

**OMG Payment Plan**

| Date | Payment | Payment Amount Attributable to Back Wages Owed | Payment Amount Attributable to Civil Monetary Penalties | Principal | Interest | Payment To Date | Balance |
|---|---|---|---|---|---|---|---|
| 4/1/2022 | $120,000.00 | $120,000.00 | $0.00 | $120,000.00 | $0.00 | $120,000.00 | $713,001.30 |
| 5/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,518.24 | $594.17 | $169,518.24 | $693,483.06 |
| 6/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,534.51 | $577.90 | $189,069.02 | $673,948.55 |
| 7/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,550.79 | $561.62 | $208,652.36 | $654,397.76 |
| 8/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,567.08 | $545.33 | $228,268.32 | $634,830.68 |
| 9/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,583.39 | $529.03 | $247,916.93 | $615,247.29 |
| 10/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,599.71 | $512.71 | $267,598.23 | $595,647.59 |
| 11/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,616.04 | $496.37 | $287,312.27 | $576,031.55 |
| 12/1/2022 | $20,112.41 | $20,112.41 | $0.00 | $19,632.39 | $480.03 | $307,059.08 | $556,399.16 |
| 1/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,648.75 | $463.67 | $326,838.71 | $536,750.42 |
| 2/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,665.12 | $447.29 | $346,651.19 | $517,085.30 |
| 3/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,681.51 | $430.90 | $366,496.58 | $497,403.79 |
| 4/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,697.91 | $414.50 | $386,374.90 | $477,705.88 |
| 5/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,714.32 | $398.09 | $406,286.20 | $457,991.56 |
| 6/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,730.75 | $381.66 | $426,230.53 | $438,260.81 |
| 7/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,747.19 | $365.22 | $446,207.91 | $418,513.61 |
| 8/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,763.65 | $348.76 | $466,218.40 | $398,749.96 |
| 9/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,780.12 | $332.29 | $486,262.04 | $378,969.84 |
| 10/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,796.60 | $315.81 | $506,338.86 | $359,173.24 |
| 11/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,813.10 | $299.31 | $526,448.91 | $339,360.14 |
| 12/1/2023 | $20,112.41 | $20,112.41 | $0.00 | $19,829.61 | $282.80 | $546,592.23 | $319,530.53 |
| 1/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,846.14 | $266.28 | $566,768.86 | $299,684.39 |
| 2/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,862.67 | $249.74 | $586,978.84 | $279,821.72 |
| 3/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,879.23 | $233.18 | $607,222.21 | $259,942.49 |
| 4/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,895.79 | $216.62 | $627,499.03 | $240,046.70 |

| Date | Payment | Payment Amount Attributable to Back Wages Owed | Payment Amount Attributable to Civil Monetary Penalties | Principal | Interest | Payment To Date | Balance |
|---|---|---|---|---|---|---|---|
| 5/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,912.37 | $200.04 | $647,809.31 | $220,134.33 |
| 6/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,928.97 | $183.45 | $668,153.12 | $200,205.36 |
| 7/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,945.57 | $166.84 | $688,530.49 | $180,259.79 |
| 8/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,962.20 | $150.22 | $708,941.46 | $160,297.59 |
| 9/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,978.83 | $133.58 | $729,386.08 | $140,318.76 |
| 10/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $19,995.48 | $116.93 | $749,864.38 | $120,323.28 |
| 11/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $20,012.14 | $100.27 | $770,376.41 | $100,311.14 |
| 12/1/2024 | $20,112.41 | $20,112.41 | $0.00 | $20,028.82 | $83.59 | $790,922.20 | $80,282.32 |
| 1/1/2025 | $20,112.41 | $20,112.41 | $0.00 | $20,045.51 | $66.90 | $811,501.82 | $60,236.81 |
| 2/1/2025 | $20,112.41 | $20,112.41 | $0.00 | $20,062.21 | $50.20 | $832,115.28 | $40,174.60 |
| 3/1/2025 | $20,112.41 | $20,112.41 | $0.00 | $20,078.93 | $33.48 | $852,762.64 | $20,095.67 |
| 4/1/2025 | $20,112.41 | $9,184.91 | $10,927.50 | $20,095.67 | $16.75 | $873,443.94 | $0.00 |

**EXHIBIT C**

**SUS DERECHOS BAJO LA FLSA**

El Departamento de Trabajo y su empleador han llegado a un acuerdo para resolver una investigación bajo la Ley de Normas Razonables de Trabajo (FLSA en inglés) del Departamento de Trabajo sobre las prácticas de pago de su empleador. Según la FLSA:

- Si usted trabaja 40 horas o menos en una semana, su empleador le debe el salario mínimo federal ($7.25 por hora) por todas las horas que usted trabajo.
  - Por ejemplo, si usted trabajara 40 horas durante una semana por $5 cada hora, o menos del salario mínimo federal, su empleador le debería más dinero.
  - Usted puede calcular lo que su empleador le debe si multiplica las horas que trabajo por la diferencia entre el salario mínimo federal y el salario por hora que le pagaron.
  - En este ejemplo, la diferencia entre el salario mínimo federal ($7.25) y su salario horario ($5.00) es $2.25. Multiplicaría $2.25 por 40 horas para determinar que su empleador le debe $90.00.
- Si usted trabaja más de cuarenta horas en una semana, su empleador le debe el más alto de su salario horario o el salario mínimo de California (que es aún más alto que el salario mínimo federal) por todas las horas que usted trabaja. Su empleador también le debe pago adicional de sobretiempo por todas las horas que trabaja más de 40.
  - El pago de sobretiempo es adicional a su salario horario y debe ser el 50 por ciento de su salario horario, que tiene que ser al menos el equivalente al salario mínimo de California.
  - El salario mínimo estatal del estado de California es $14.00 por hora para empleados que trabajan para empleadores con 25 o menos empleados y $15.00 por hora para para empleados que trabajan para empleadores con 26 o más empleados.  Efectivo 1ero de enero, 2023, el salario mínimo estatal del estado de California es $15.00 por hora para todos empleados sin importar el tamaño del empleador.
  - Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $13.00, y usted trabaja 50 horas en una semana, se le debería:
    - Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $13.00 = $650.00.
    - Más tiene que agregar el pago de sobretiempo por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $13.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $13.00, o $6.50. Como usted trabajo

10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.50 = $65.00.

- Su pago total para la semana sería $650.00 + $65.00 = $715.00.

o Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $5.00, y usted trabaja 50 horas en una semana, se le debería:

- Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $5.00 = $250.00.

- También su empleador le debe la diferencia entre su salario horario de $5.00 y el salario mínimo de California de $13.00, o 50 horas x $8.00 = $400.00.

- Más tiene que agregar el pago de sobretiempo por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $13.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $13.00, o $6.50. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.50 = $65.00.

- Su pago total para la semana sería $250.00 + $400.00 + $65.00 = $715.00.

- Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

- Su empleador no puede amenazarlo ni tomar medidas en su contra por hablar con un representante del DOL, participar en un caso legal del DOL o ejercer sus derechos ante la FLSA.

- **Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en un caso legal del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**

  o Despedirlo a usted o a cualquier amigo o familiar que trabaje con usted;

  o Negarse a pagarle por todas las horas que trabaja;

  o Negarse a emplear a un familiar suyo;

  o Reportarle al gobierno para su deportación;

  o Reducir sus horas de trabajo o la cantidad que gana;

  o Amenazarlo con problemas legales o usar a su abogado para hacerle daño;

  o Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.

- También es ilegal que alguien le obligue a firmar un documento con información falsa sobre las horas que trabaja, el pago que recibe, o cualquier otra cosa relacionada con sus derechos a la FLSA.

- Usted tiene el derecho legal de decir la verdad sobre sus condiciones de trabajo sin que nadie lo amenace o lo cause daño.

- Estas leyes se aplican a usted sin importancia de su estatus migratorio.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con el DOL al (619) 557-5110.**

**EXHIBIT C**

**YOUR RIGHTS UNDER THE FLSA**

The U.S. Department of Labor ("DOL") and your employer have reached an agreement to resolve the Department's investigation under Fair Labor Standards Act (FLSA) into your employer's pay practices.  Under the FLSA:

- If you work 40 hours a week or less, your employer must pay you the federal minimum wage, which is $7.25 per hour, for all hours worked.

  - For example, if you worked 40 hours at an hourly rate of $5.00, or less than the federal minimum wage, your employer would owe you more money.

  - You can calculate what your employer would owe you by multiplying the hours that you worked by the difference between the federal minimum wage and the hourly rate that you were paid.

  - In this example, the difference between the minimum wage ($7.25) and your hourly rate ($5.00) is $2.25. You would multiply $2.25 by 40 hours to determine that your employer owes you $90.00.

- If you work more than 40 hours per week, your employer owes you your hourly rate or the California state minimum wage (which is higher than the federal minimum wage), whichever is higher, for all hours that you work. Your employer also owes you additional overtime pay for all hours that you worked over 40 hours.

  - Overtime pay is in addition to your normal hourly pay and must be 50 percent of your normal hourly pay or the California state minimum wage, whichever is higher, for each hour that you work.

  - California minimum wage is presently $14.00 for employees who work for employers with 25 or fewer employees and $15.00 for employees who work for employers with 26 or more employees.  Effective January 1, 2023, California's minimum wage will be $15.00 for employers of any size.

  - OVERTIME EXAMPLE: if you worked for an employer in California with less than 26 employees, your hourly rate was $13.00 an hour, and you worked 50 hours in a week, you would be owed:

    - Your normal pay for each hour (also known as "straight time"), 50 hours x $13.00 = $650.00.

    - You also would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. Your hourly rate $13.00, which is higher than the federal minimum wage and equivalent to the state minimum wage. The overtime pay for each hour would be $13.00 multiplied by 50 percent, which equals $6.50. Therefore, your overtime premium for that week would 10 hours x $6.50 = $65.00

- o Your total weekly pay would therefore be $650.00 + $65.00 = $715.00.
- o For example, if you worked for an employer in California with less than 26 employees, your hourly rate was $5.00 an hour, and you worked 50 hours in a week, you would be owed:
  - ▪ Your normal pay for each hour, 50 hours x $5.00 = $250.00.
  - ▪ You also would be owed difference between your pay of $5.00 an hour and California minimum wage of $13.00 per hour, 50 hours x $8.00 = $400.00
  - ▪ In addition, you would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. The overtime pay for each hour would be $13.00 multiplied by 50 percent, which equals $6.50. Therefore, your overtime premium for that week would 10 hours x $6.50 = $65.00
- o Your total weekly pay would therefore be $250.00 + $400.00+$65.00 = $715.00.
- Your employer must correctly document and report each hour you work and all pay you receive.
- Your employer cannot threaten you or take action against you for speaking to a DOL representative, participating in a DOL legal case, or exercising your FLSA rights.
- **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL legal case, or spoke up about your FLSA rights.  It is illegal for your employer to take the following actions <u>because you exercised your FLSA rights</u>:**
  - o Fire you or any friends or relatives that work with you;
  - o Refuse to pay you for all hours you actually work;
  - o Refuse to hire a relative of yours;
  - o Report you to the government for deportation;
  - o Reduce your work hours or the amount you earn;
  - o Threaten you with legal problems or threaten to use their lawyer to harm you;
  - o Make any other threat or take any harmful action against you.
- It is also illegal for anyone to force you to sign a document with false information about the hours you work, pay you receive, or anything else related to your FLSA rights.
- You have the legal right to tell the truth about your working conditions without anyone threatening or causing you harm.
- These laws apply to you regardless of your immigration status.

**If any of these actions take place, please contact the DOL Wage and Hour Office Immediately at (619) 557-5110.**

# EXHIBIT D

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Adriana Ahumada, Trial Attorney
90 Seventh Street, Suite 3-700
San Francisco, CA 94103

WHEN RECORDED MAIL TO:
United States District Court
333 W. Broadway, Suite 420
San Diego, CA 92101

*United States Department of Labor v. OMG Freight
Forwarders LLC, et al.*
*Civil Case No. 3:22-cv-294-L.*

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 9th day of March, 2022, between Oscar Mayer, trustee of the Mayer Revocable Trust, herein called TRUSTOR, whose address is 2012 Plaza Acapulco, Chula Vista, CA 91914, and

ORANGE COAST TITLE COMPANY, a California Corporation, herein called TRUSTEE, and

UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY,

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in San Diego County, California, described as:

ATTACHED HERETO AS EXHIBIT A

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing: (1) payment in the sum of $833,001.30 per Consent Judgment with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof; (2) performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in San Diego County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:'

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | 151 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4616 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 39 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein

# Exhibit D

and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address herein before set forth.

_____                          Monday 9 / 2022
TRUSTOR Oscar Mayer, Trustee of Mayer Revocable Trust

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California          )
County of  San Diego         )

On  03/09/ 2022              before me, Daniel Andrew von Euw, Notary Public
personally appeared   Oscar Alberto Mayer Hachner

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

DANIEL ANDREU-VON EUW
Notary Public - California
San Diego County
Commission # 2289672
My Comm. Expires Jun 11, 2023

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

# EXHIBIT D

**Exhibit 'A'**

[INSERT LEGAL DESCRIPTION]

Real Property in the City of Chula Vista, County of San Diego, State of California, described as follow:

LOT 69 OF TRACT NO. 15261, AS PER MAP RECORDED IN BOOK 585-21, PAGES 1 TO 2 of 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OR SAID COUNTY

APN: 585-211-41-00

# Exhibit D

## DO NOT RECORD THIS PAGE

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alteration or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof; Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance. The provision hereof are subject to the mutual agreements of the parties as below set forth.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8) That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustor shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgee, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

_____          March / 9 _____, 2022

Oscar Mayer, Trustee of Mayer Revocable Trust          Date

Trustor's Signature for this Deed of Trust